UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **CoxCom, Inc. dba Cox Communications New England**<br><br>Plaintiff,<br><br>vs.<br><br>**Lori Dale**<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF TITLE 47 U.S.C. § 553 AND CONVERSION**<br><br>CA 04 391T |

## NATURE OF ACTION

1. Plaintiff CoxCom, Inc. dba Cox Communications New England (hereinafter "Cox" or the "Plaintiff) brings this Complaint to redress injuries that it has suffered as a result of Defendant Lori Dale's (hereinafter the "Defendant"):

   a. Violations of 47 U.S.C. § 553; and

   b. The conversion of Cox's property, its telecommunications signals.

2. The Defendant's use and/or distribution of one (1) statutorily prohibited electronic device that descrambled and intercepted Cox's cable television signal violated 47 U.S.C. § 553.

## PARTIES

3. Cox is a Delaware corporation, authorized to do business in the State of Rhode Island, and it maintains a business address at 50 Houghton Street, Providence, RI.

4. At all relevant times, upon information and belief, Defendant was and is an individual with her principal residence at 95 Burbank Drive, Warwick, RI.

5. Upon information and belief, the Defendant resided at 95 Burbank Drive, Warwick, RI at all times relevant to the said violations of 47 U.S.C. § 553.



(1)

## JURISDICTION AND VENUE

6. This action is brought pursuant to 47 U.S.C. § 553.

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper in the United States District Court in and for the District of Rhode Island pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Cox provides telecommunications services, including cable television services, to subscribers in the Warwick area pursuant to area licenses from the Rhode Island Public Utility Commission.

9. In order to provide cable television services to its subscribers Cox pays fees to programmers. Cox then receives the programming from the programmers, mostly by way of interstate radio communications. Cox then transmits said programming over its system. The signals Cox transmits over its system are private communications not intended for public use.

10. Subscribers pay Cox based on the level of service they wish to receive.

11. In order to protect its signals and maintain the value of its services, Cox electronically encrypts or scrambles some of its signals so that they must first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver. Cox encrypts or scrambles signals for premium channels, such as HBO, Showtime, and Cinemax, for which subscribers pay a separate monthly subscription fee, and pay-per-view events, such as a specific movie, concert or sporting event, for which subscribers pay a specific one time charge to view each event. Cox provides subscribers with electronic decoding equipment (hereinafter referred to as "decoders") to decode these signals. Cox programs these decoders so that a subscriber may only view that level of service that the subscriber has purchased.

12. Cox has a proprietary interest in the signals, programming and services offered over Cox's system.

13. On or before October 30, 2001, the Defendant or some third party modified a certain decoder, without Cox's authorization, thereby creating a descrambling device.

14. The descrambling device was capable of defeating Cox's encoding and scrambling technology.

15. Through the unauthorized interception of signals the Defendant was able to exercise dominion and control of Cox's property, the signals, programming and services offered over Cox's system.

16. The Defendant used, and continued to use the descrambling device to receive, without authorization, scrambled or encoded programming and services offered over Cox's system. By using the unauthorized descrambling device, the Defendant was able to view Cox's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

**COUNT I**

**(Violation 47 U.S.C. § 553, Unauthorized Interception)**

17. Cox alleges and incorporates by reference paragraphs 1 through 16 above.

18. The Defendant's, receipt of scrambled or encoded programming and services offered over Cox's system was without Cox's authorization, and violated 47 U.S.C. § 553(a).

19. Cox is a person aggrieved by the Defendant's violation of 47 U.S.C. §553 and is authorized to institute this action pursuant to 47 U.S.C. § 553(c)(1).

20. Cox's cable transmissions and signal include communications services offered over a cable system and are protected by 47 U.S.C. § 553.

21. The Defendant knowingly and willfully intercepted Cox's signals without authorization in violation of 47 U.S.C. § 553.

22. Cox did not authorize or consent to the Defendant's, interception of its cable

signals nor did Cox authorize or consent to the Defendant's utilization of the descrambling device.

23. The Defendant's violations have injured Cox's ability to generate revenue by depriving Cox of payment for its programming.

**COUNT II**

**(Conversion)**

24. Cox realleges and incorporates by reference paragraphs 1 through 23.

25. The Defendant exercised dominion and control over the Plaintiff's property without authorization or legal right to do so.

26. The Defendant's conduct was willful, malicious, and wrongful, with the intent to deprive the Plaintiff of the right to possession of its programming.

27. As a direct and proximate result of the Defendant's intentional, malicious, and wrongful conversion of the Plaintiff's signals, programming and services offered over Cox's system the Plaintiff has suffered monetary damages; accordingly, the Defendant is liable for all of the Plaintiff's damages.

WHEREFORE, Cox prays for Judgment against the Defendant, and requests that the Court grant it the following relief:

1. Money damages in favor of the Plaintiff for all damages the Plaintiff has suffered as a result of the Defendant's conversions;
2. Punitive damages, including its attorneys fees as element of said Punitive damages;
3. Statutory damages of$10,000.00 for each violation of 47 U.S.C. § 553(a);
4. Cox's attorney's fees and costs in prosecuting this lawsuit as provided for by Title 47 U.S.C. 553(c)(2)(C);
5. The issuance of a permanent injunction pursuant to provisions of 47 U.S.C. § 553

utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further use and/or distribution of electronic equipment designed for the unauthorized interception of signal in accordance with Title 47."

6. Post judgment interest pursuant to 26 U.S.C. § 1961; and

7. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted for the Plaintiff,
CoxCom, Inc.
dba Cox Communications New England
By Its Attorney,

8/31/04
Date

Francis Holbrook (Bar No: 3412)
Miller, Scott & Holbrook
122 Touro St.
Newport, RI 02840
(401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **CoxCom, Inc. dba Cox Communications New England**<br><br>Plaintiff,<br><br>vs.<br><br>**Lori Dale**<br><br>Defendant | Case No.:<br><br>**CORPORATION DISCLOSURE STATEMENT** |

The corporate Plaintiff in the above referenced action, CoxCom, Inc. dba Cox Communications New England, maintaining a place of business at 50 Houghton St., Providence, RI now makes this disclosure. CoxCom, Inc. is a Delaware corporation authorized to do business in the State of Rhode Island and is wholly owned by Cox Communications, Inc.

Respectfully Submitted for the Plaintiff,
CoxCom, Inc. dba
Cox Communications New England
Its Attorney

8/31/04
Date

Francis Holbrook (Bar No.: 3412)
Miller, Scott & Holbrook
122 Touro St.
Newport, RI 02840